UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MARK FODOR**                                    CASE NO. _____

  Plaintiff,

vs.

**CROSSVIEW, INC.,**
**a Florida corporation,**

  Defendant.
_____/

# COMPLAINT

Plaintiff Mark Fodor sues Defendant CrossView, Inc., ("CrossView") and states:

## GENERAL ALLEGATIONS

1.  This is an action for an order compelling Defendant CrossView to produce certain records for inspection pursuant to Section 607.1601, *et seq.*, Florida Statutes.

## PARTIES AND JURISDICTION

2.  Plaintiff Mark Fodor is resident of and is domiciled in the State of Ohio. Plaintiff owns ten percent of the issued and outstanding shares of Defendant CrossView.

3.  Defendant CrossView is a Florida corporation with its principal place of business in Palm Beach County, Florida. CrossView has no offices but lists a residence as its principal place of business.

4.  Plaintiff seeks inspection of CrossView's business records, specifically set out below, *inter alia*, for the purpose of evaluating an offer made by CrossView to purchase his shares for a total price of $500,000. The matters in controversy therefore exceed the sum of $75,000.00, exclusive of attorney's fees, interest and costs by virtue of the facts and circumstances as hereinafter alleged. Accordingly, this Court has jurisdiction pursuant to 28

U.S.C. § 1332.

## FACTUAL ALLEGATIONS

5. In or about December 2007, CrossView hired Plaintiff and appointed him to the position of Chief Executive Officer. Plaintiff performed his duties as Chief Executive Officer until May 12, 2014, when he was terminated by CrossView.

6. At the time of his termination and currently, Plaintiff owns ten percent of the outstanding shares of CrossView.

7. After terminating him, CrossView presented Plaintiff with a document entitled "Voluntary Separation Agreement and General Release" ("Proposed Separation Agreement.") A copy of the Proposed Separation Agreement is attached hereto as Exhibit A.

8. Paragraph 5 of the Proposed Separation Agreement provides, in pertinent part:

> Sale of Stock. Subject to the terms and conditions of this Agreement, Employee will sell to Employer, and Employer agrees to purchase from the Employee, ten (10) shares of CrossView Common Stock (the "Shares") at a purchase price of $50,000.00 per share for a total purchase price of US $500,000.00 (the "Aggregate Purchase Price"). On May 31, 2014, Employer will pay Employee $250,000.00, on November 30, 2014, Employer will pay Employee $125,000.00 and on May 31, 2015, Employer will pay Employee the remainder of the Aggregate Purchase Price, which is $125,000.00.

9. On May 15, 2014, counsel for Plaintiff sent a letter ("May 15, 2014 Letter") to Thomas Eichner, Chairman and majority shareholder of CrossView, requesting copies of a number of documents needed to evaluate the Proposed Separation Agreement including but not limited to the valuation of Plaintiff's CrossView stock and the offer to purchase contained within the Proposed Separation Agreement. A copy of the May 15, 2014 Letter is attached hereto as Exhibit B.

10. Plaintiff's counsel had a number of telephone conversations with counsel for

CrossView during which time CrossView's counsel indicated that Fodor was entitled to the documents requested and that CrossView would provide them.

11. In a letter dated June 18, 2014, Plaintiff's counsel supplemented the original documents requested in the May 15, 2014 Letter with some additional documents. Plaintiff's counsel requested that the copies be provided by June 27, 2014. A copy of the June 18, 2014 Letter is attached hereto as Exhibit C.

12. Based on the May 15, 2014 Letter and the June 18, 2014 Letter, as of June 18, 2014, Plaintiff had requested the following documents from CrossView:

> A. Original stock certificates. If you are unable to produce the original certificates held by any shareholder other than Mark Fodor, please provide copies of both the front and back of any such certificates.
>
> B. Identity of all officers, directors and shareholders of CrossView.
>
> C. Current and prior versions of all CrossView regulations, by-laws and other corporate governance documents.
>
> D. CrossView's last three years' complete corporate federal income tax returns and financial statements (including income statements, balance sheets and cash flow statements). (CrossView's last three years' AND year to date complete corporate federal income tax returns.)
>
> E. Any draft and/or executed buy-sell or other agreements between CrossView and/or its various shareholders which delineate the process for redemption of owner shares in the event of shareholder death or termination of employment.
>
> F. Any close-corporation agreements, stock grant agreements, stock purchase agreements, shareholders agreements, or related contracts which deal with the valuation and treatment of CrossView shares and shareholder rights.
>
> G. K1 distributions, payroll, 1099's, bonuses and W-2's for ALL shareholders (including Canadian partners) for the last three years AND year to date.

      H.      Any resolutions, minutes of Director and Shareholder meetings or actions and related documentation wherein valuation of CrossView shares, CrossView shareholder exit terms or related information was discussed and/or resolved.

      I.      Any and all valuation and/or related information prepared and/or generated by Deloitte relative to its engagement to sell CrossView.

      J.      Any documentation which describes and/or delineates the methodology utilized for determining a $50,000/share valuation of Mr. Fodor's 10% equity interest in CrossView.

      K.      Any management presentations, PowerPoint presentations, "deal books" or other "pitch" information prepared by, generated by and/or utilized by Deloitte *vis-a-vis* its engagement to sell CrossView.

      L.      Any letters of intent, solicitations, term sheets, offers, proposals or other information received by CrossView (through Deloitte or independently) related to any third-party's potential acquisition of CrossView.

      M.      Any ownership and/or financial information relating to the creation of the Canadian entity created by CrossView.[1]

13.    Thereafter, having not received the documents by June 30, 2014, Plaintiff's counsel sent a letter ("June 30, 2014 Letter") to CrossView's counsel referencing the Florida law requiring such inspection and requesting that CrossView provide the documents by July 15, 2014. A copy of the June 30, 2014 Letter is attached hereto as Exhibit D.

14.    Of all of the documents requested, as of the date of filing this Complaint, CrossView has provided Plaintiff with copies of only (1) CrossView's 2011, 2012 and 2013 U.S. Tax Returns; (2) the front of the stock certificate for stock owned by Mark Fodor; (3) CrossView's articles of incorporation and amended articles of incorporation; and (4) an unexecuted Buy/Sell Stock Agreement.

---

[1] This joint list is derived from the lists in the May 15, 2014 Letter and the June 18, 2014 Letter.

15. Plaintiff has demanded, as a shareholder, an inspection of the books and records of CrossView pursuant to Section 607.1602, Florida Statutes.

16. Plaintiff's request for inspection complied with Section 607.1601, *et seq.*, Florida Statutes.

17. CrossView has failed to allow the inspection to go forward.

18. As a result of CrossView's violation of Section 607.1601, *et seq.*, Florida Statutes, Plaintiff has had to retain the services of attorneys and is obligated to pay them reasonable fees to obtain access to CrossView's records. Such attorneys' fees and costs, as well as all other costs of obtaining inspection, are recoverable by Plaintiff pursuant to Section 607.1604(3), Florida Statutes.

19. All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived.

**WHEREFORE**, Plaintiff respectfully requests that this Court compel CrossView to allow him to immediately inspect its book and records, award him all costs of obtaining inspection, including attorneys' fees and costs, and grant such other and further relief as may be just and appropriate.

August 6, 2014

KELLER LANDSBERG PA
Counsel for Plaintiff
Broward Financial Centre
500 East Broward Boulevard, Suite 1400
Fort Lauderdale, FL 33394
Ph:   954-761-3550
Fx:   954-525-2134
Email: raymond.robin@kellerlandsberg.com

By:   */s/ Raymond L. Robin*
       Raymond L. Robin
       FBN: 613835